I'm a justice of this court. I'm going to cover the appellant's argument in two prongs. First, the pre-Blakely issues, and then the post-Blakely issues. From the best as I could surmise from the appellant's opening brief, his entire argument is over a horizontal criminal history category upward departure from criminal history category 4 to 5, and a base level of 28, which resulted in a 162-month sentence. Now, even though the appellant did not cite United States v. Hinojosa Gonzalez, I'd ask the court to consider that case as it was cited in the appellee's brief. And the problem here is that the appellant feels that any upward departure required both a factual and legal notice, which were not given, and I will just submit that issue to this court without further argument. Now, the second part of this case deals with the Blakely issues. I must submit to this court that this case is infected with Mr. Booth's base level was enhanced probably 10 to 15 levels because of an amount of loss which was never proven to a jury beyond a reasonable doubt. I noticed in the restitutionary fine that the court felt the losses total $2,153,582, yet the indictments, the third superseding indictment on which the jury level offense, we have problems. The second problem, and this is, of course, I'm a little, this is procedurally very difficult for me, so help me out. We originally vacated the sentence and remanded for resentencing. And we did that, why did we do that? For the same ground that is alleged in the appellant's opening brief in this case prior to me taking over this case. And so on that issue, I'm just going to submit it to the court. The same issue is being raised a second time, Your Honor. Lack of notice. Lack of notice, okay. And so we, but we said the resentencing would take place on an open record. Right. Now, again, when it went back, there was another upward departure? Well, yes, I will. But this was for the criminal history understanding. Yes. The seriousness of the past actions? Yes. As the court is aware, Blakely requires that any facts which underline a upward departure must be proven beyond. But it accepts prior convictions. Correct. And if I may point out to the court, the court went deeply into a series of judgments which were rendered against Mr. Booth, totaling approximately $770,000 back from 93, as early as 92. And the court increased that by one level. And so I would submit to the court that that was, is not permitted under Blakely, Ameline. Well, what is not? Is it that the criminal history understated his actual background, that that is a Blakely problem? There's two. And are you arguing that his whole criminal history should have been before the jury, before it convicted him? Well, Your Honor, if I'm afraid I do. With all due respect, Your Honor, I feel the Supreme Court was very clear that if the U.S. attorney felt that, as in this case, that the amount of victims, the harm to the victims was too important, that they should have been included in the indictment and somehow proven to the jury beyond a reasonable doubt. And what we have here is we have a sentencing judge making determinations on a preponderance of evidence standard, which is the first problem, not beyond a reasonable doubt. And the second problem is two-pronged, and that is that even to arrive at the proper guideline level, Mr. Booth is being attributed losses in the millions to the jury, the jury has been rather than hundreds of thousands. Okay, well, let me ask you this. Was there also an increase by four levels because he was an organizer, leader of criminal activity involving more than five participants? Is that a separate? Yes, and maybe the government can better explain this, but I believe in Booth One, the court made a four-level increase for that purpose, and I don't believe from my reading of the briefs to date that that was done in Booth Two. You don't believe it was? I don't think so. Although the government would be better positioned to say yes or no. I read the briefs and I wasn't clear. Because there may be a Blakely issue there. Correct. If that was made, then there would be a Blakely issue there as well. And just from the reversing back a little bit, Your Honor, the problem is that the amount of loss correlates directly into how many levels of guideline has to be increased. And I believe the court did not apply just the amounts that the jury found true, beyond a reasonable doubt, but went outside of the superseding indictment. And the Respondent's brief is very clear how many things the court considered that were outside of that indictment. Okay. Well, maybe we should hear from the government. Thank you. Okay. May it please the Court. My name is Tom Rice. I'm an Assistant United States Attorney from the Eastern District of Washington. This case comes on the brief with the issue of the extent of the court's sentencing authority on the resentencing. The only issue with respect to that, despite counsel's representation, is not the notice issue. Notice was conceded. It's not new evidence was presented. It's not double jeopardy. It's not the finality or expectation of finality in the conviction. It's not the extent of the departure. And it's not the fact that the court used an amended guideline at the resentencing, the money laundering guidelines were amended. The only issue is the extent of what allows the Matthews opinion to, on an open record, the District Court's resentencing authority. That's the brief, but he does raise some of the other issues in his 28-J letter. The Blakely letter. That's correct. Well, let's assume. Let me just, yeah. Let me just, what did, would you just tell us what happened on resentencing? Resentencing was scheduled after the Booth opinion, the published opinion was decided. The District Court took it on resentencing and questioned counsel and asked, on the record, and that's set forth in the government's brief, the whole colloquy. That colloquy asked, do you have notice? Do you understand what we're doing here today? Do you understand the extent of Booth 1? And... Okay. And what did the District Court do? What were the components of the sentence? Cited the PSR, where notice was given to the inadequacy or under-representation of the criminal history and imposed a departure, an increase, an upward departure. He increased the criminal history category. That's correct, by one. By one. And what did that do to the sentence? That increased the sentencing range to 100 and, well, it was 110 to 137 months, so the top end's 137 months. The Court imposed a sentence of 162 months. Now, the... As I understand the appellant's argument, it's that that increase in the criminal history category is governed by Blakely. And it's not accepted from Blakely. So it was error, constitutional error. That's the second issue that... That's the argument, right? Well, apart from the notice. That's the defendant's argument now, isn't it? I believe that's his argument in his Blakely letter filed by fax yesterday in this Court. Yes. Yes. Prior to that... So what's your response to that argument? First of all, I believe there's a... Assuming Blakely applies to the federal guidelines. Well, and that's where it would take me, is I have three responses. First of all, I believe there's a procedural default by raising a 28-J letter yesterday at this stage in the proceeding. And U.S. v. Cotton would apply. Well, except we said in Amline, you know, you can raise it late, the Blakely issue. Because nobody knew this was coming. My second argument would be that if I understand counsel right, he hasn't even read the pre-sentence investigation report. He assumes there are problems. And as Your Honor has indicated... Well, it's got to be something. It's what the judge said. What he gave is his reasons for the increase in the category, right? As Your Honor has pointed out, that aspect, the upward departure aspect... No, what he relied on, in addition, you know, maybe to some extent on prior convictions, but he relied on prior similar misconduct established by civil adjudications, right? Correct. Plus he relied on prior similar criminal conduct not resulting in a conviction, right? Correct. So now, as I understand, Blakely accepts only the fact of a criminal conviction from, you know, its command that everything else is to go to the jury. And these aren't criminal convictions, right, by definition? That's correct. So isn't that a fair Blakely issue that he raises? Yes. So should we... This case, obviously, since it's the second time up from a resentencing, involves only sentencing, right? That's correct. There's no challenge to the conviction. That was affirmed. This time around. That's correct. So shouldn't we just send it back to the district court to resentence in accordance with whatever the Supreme Court decides in terms of whether Blakely applies to the federal sentencing guidelines? That would be my third Blakely argument, which is to stay this pending Fanfan and Booker. All right. Was there another sentence, portion of the sentence, that had to do with leadership or something like that? Yes. The court did apply the leadership rule and the amount.  For instance, the amount, they actually convicted him of dozens of money laundering counts with the actual dollar figures in them. What do you mean? Is there a special verdict saying, you know, that the defendant laundered X amount of dollars? No, it would be the verdict form that he'd been found guilty of laundering, say, $100,000 may have been one of the counts. And they found him guilty on that. The verdict form says of $100,000? No. They found him guilty of count one. Count one in the element being, or the instructions being, that it was $100,000 involved in that conduct. It's not an element of the offense, right? It isn't specifically an element of the offense, but I don't recall whether it was listed in the jury instruction or not. So at this rate, you're saying at least it's a possibility that that was determined by the jury? That's what I'm saying. We don't have a brief on that issue. There's a brief on this route. That's correct. And the same thing with the organizer and leader? What about that? I don't believe there was a jury instruction on that. Yeah. Well, so that would clearly be a likely problem. I'm very troubled by the finding that the criminal record understates the past criminal history. I'm very troubled by the impact of Blakely on that kind of a guideline, if Blakely were to apply. Has the government thought of this at all? I mean, I'm just kind of talking to you. What is the best? Has the government thought about the best way to handle this? You couldn't put all these prior bad acts before the jury before the defendant is convicted. I mean, that would clearly be improper. I can tell you how the district judges have been handling similar issues, and that is to bifurcate the trial. Bifurcate the trial and have a separate sentencing. In summary, my argument would be, first, with respect to the notice or the fact of the resentencing and the articulation, that the court was correct. As to the second Blakely issue, we would ask the court to defer that until Fanfan and Booker is decided. On the bifurcated trial, that's what the judges are doing. I guess I'm aware of it. Does the department have any kind of position on this? Are they going along with it? I'm just asking. Absolutely, we're going along with it. That's our only alternative at this stage of the proceedings. Okay, thank you. Thank you, Your Honor. Do I have any time left? Yeah, you have about two minutes left. What I do not want is a boo three. I would like the court to dispose of the most important issues in a way where the district court can do it right this time, and I have a few suggestions. First of all, unfortunately, this case is not in line 100% with Ameline, Blakely, and other cases that have come down after Blakely because we have a jury trial, jury verdicts, and then thereafter factors that need to be considered for sentencing. Now, I may be accused of stretching too far, but that's my job. And at this point, what I feel is that we cannot bring that jury back. Yes, there are bifurcated trials nowadays. After Blakely, what they are doing is they're saying, are you going to waive Blakely or not? And they keep, at least in the Eastern District of California, they are saying, okay, the jury is here. Are you going to waive Blakely or are you going to prove all the elements of whatever enhancements you need to prove before this jury? It is my belief, and I ask the court to also dispose of the argument of double jeopardy. As the court is aware, and it's in the brief, double jeopardy has attached. Not only has it attached to the conviction, but it's also attached to whatever other factors that need to be proven beyond a reasonable doubt to a jury. How can we bring in a second jury to determine bifurcated facts? In any event, the four points for leadership also, Your Honor, the four points for leadership, I would also ask the court that those must be submitted to a jury, and under my argument, they cannot be submitted to a second jury. If the verdict forms do not state an amount of loss, then that directly impacts the amount of levels, the base level has to be increased according to the amount of loss, and so that's important as well. Well, if we get rid of all of these, if we were to give, just hypothetically, if Blakely were to apply and all of these enhancements are not, do not withstand Blakely, then what is the sentence that he's left with? It is my belief it's around level 8, around 22 months. He's serving time right now, right? I'm done with time. A lot of time. Well, you can answer the question. It's okay. He's in prison now. He's in prison right now. It is my feeling that he's entitled to bail at this point, because if Blakely were to apply, he has finished his sentence. He's finished his sentence. That's what I wanted to know. Yes, and I think that he's entitled to bail or release, and probably the more conservative approach would be bail. Well, I think in your 28-J letter, you asked that we treat this case like some of the recent cases you cited, right? That's right. Which is to send it back. Send it back. To the district court right away. Yes. And then I suppose you can ask for bail there, right? Yes. Yes. Okay. Thank you. Thank you, Your Honor. I appreciate you letting me sub it in this late in the game. Have a good day. Thank you. The matter just argued is submitted for decision, and we'll hear the next case, which is the NLRB v. Orchard.
judges: Schroeder, Browning, Tashima